**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division**

UNITED STATES OF AMERICA

v.                                                          NO.  4:01cr48

JASON DEMOND WHITE,

      Defendant.

### ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3143, and Rules 32.1 and 46(d) of the Federal Rules of Criminal Procedure, the Court held a preliminary and detention hearing on October 24, 2005.  For the reasons set forth below, the Court FINDS that there is probable cause to believe that Defendant violated terms and conditions of his supervision and that his detention is warranted.

Defendant was convicted on October 25, 2001, after having pled guilty in Case No. 4:01cr48-001, of one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii), a Class B felony.  Defendant was ordered to serve 98 months in prison, a five-year term of supervised release, and pay a $100.00 special assessment.  The Court also imposed general and special conditions on Defendant's supervision.  On September 10, 2003, pursuant to the Government's Rule 35(b) motion, the Court reduced Defendant's sentence from 98 months to 48 months.  Defendant's term of supervised release began on September 17, 2004.

On June 10, 2005, United States Probation Officer Teresa R. Hutcheson filed a Petition on Supervised Release, alleging that Defendant violated the terms and conditions of his supervised release. Specifically, the Petition alleged that Defendant violated her instructions and the special conditions of his release by failing to comply with court-ordered child support payments, and that he failed to submit the requisite monthly reports, admitted to using marijuana in March 2005 and tested positive for marijuana on four other occasions from April to May, 2005.

Thereafter, on five separate occasions, the probation officer filed an Addendum to Petition on Supervised Release for various violations, including: August 2, 2005, failure to submit truthful monthly reports and three positive tests for marijuana; August 9, 2005, two positive tests for marijuana; September 19, 2005, three positive tests for marijuana; September 30, 2005, one positive test for marijuana; and October 13, 2005, obstruction and driving with suspended driver's license.

The Court notes that on August 16, 2005, the Honorable Robert G. Doumar conducted a hearing on Defendant's alleged violations of supervised release as of that date. Defendant appeared before the Court on that date, and the Court, after hearing his testimony, presented Defendant an opportunity to remain on bond and to maintain good behavior. The Court had set this matter for another hearing for December 19, 2005. Following the three additional violations in September and October 2005, a warrant was issued for

2

Defendant's arrest on October 13, 2005, which was executed on October 17, 2005. Defendant appeared before the Court on that date, and the Court ordered Defendant temporarily detained.

A preliminary and detention hearing was scheduled for October 19, 2005, at 2:00 p.m. Defendant appeared at that time, and the Court granted the motion for a continuance by Defendant's counsel, who was not present, continuing the matter to October 24, 2005.

On October 24, 2005, a preliminary and detention hearing was held, at which Defendant, with his counsel present, stipulated the existence of probable cause to believe that he committed the alleged violations of supervised release. See Fed. R. Crim. P. 32.1(b)(1)(A). Accordingly, the Court FINDS the existence of probable cause to believe that Defendant committed the alleged violations of supervised release.

After probable cause was established, Defendant was required to prove by clear and convincing evidence that he did not pose a danger to the community or a risk of flight. See 18 U.S.C. § 3143; Fed. R. Crim. P. 32.1(a)(6), 46(d). The Government proffered evidence of Defendant's criminal behavior while on supervised release, which included the original petition on June 10, 2005, and the five addenda occurring between August 2 and October 13, 2005. The Government's proffer included evidence that Defendant lied to his probation officer about having driven his car, was caught driving without a license and with improper license plates, that he lied to the police about having a driver's license and that he fled

after being stopped for a traffic violation involving the failure to obey a traffic signal.  In response, Defendant proffered that he was not a danger to the community given the relatively minor nature of the underlying traffic infraction from which he fled, and that he was not a risk of flight because of his ties to the community and because he had willingly appeared before his probation officer.

The Court concludes that Defendant has not met his burden to prove by clear and convincing evidence that he does not pose a danger to the community or a risk of flight.  In so concluding, the Court notes that Defendant has demonstrated a serial pattern of violations of the terms and conditions of his release, which includes 14 positive tests for the use of marijuana, operation of a vehicle without a driver's license, failure to be truthful to the police and that he fled from the police after being stopped for a traffic violation.  The Court notes that Defendant's continued use of marijuana serves to increase the trafficking of such controlled substances, which makes him a danger to the community.  The Court further notes Defendant's recalcitrant behavior and his having fled after lying to the police following a routine traffic stop, which makes him a risk of flight.

On the basis of this evidence, the Court FINDS that Defendant has failed to demonstrate by clear and convincing evidence that he will not pose a danger to the community or that he will not flee.  The Court also FINDS that there are no conditions that would reasonably assure his return for further proceedings.  Therefore

the Court ORDERS that Defendant be DETAINED.  The Court further ORDERS Defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant. ENTERED this 25th day of October, 2005.

_____/s/_____<br>
F. Bradford Stillman<br>
United States Magistrate Judge